B. Y. N. CLARKSON, ET AL. *v.* B. C. ALLISON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—58.]

**Construction of Deed.**

The contents of a deed alone must control the construction to be given it, when there is no ambiguity appearing upon the face of the instrument; but the chancellor for the purposes of aiding in the construction is allowed to ascertain the nature and extent of the interest each party to the conveyance had in the land conveyed.

**Conveyance of Wife's Interest.**

Where the wife owns the fee-simple title to real estate and the husband and wife join in a conveyance, the granting part of the deed passing the fee, and at the concluding part the wife relinquished her

dower and she has no dower to relinquish, it is held the wife's fee passes by the deed.

### APPEAL FROM BOURBON CIRCUIT COURT.

May 24, 1883.

Opinion by Judge Pryor:

On the first of October, in the year 1830, Joseph Kendrick and Elizabeth, his wife, and James M. Clarkson and Patsey, his wife, executed to Jefferson McCormick a deed for eighty acres of land lying in the county of Bourbon. The construction of that deed is the subject-matter of controversy, the appellants insisting that by the terms of the grant the grantee, McCormick, obtained only the interest of the husbands in the land, and that their wives who owned the fee did not pass it by the grant. The court below adjudged in favor of the appellees upon the ground of an adverse holding by McCormick and those claiming under him, making the statute of limitations apply. This branch of the defense being at least involved in doubt, as the coverture of Mrs. Clarkson existed until the year 1869, we are disposed to ascertain from the conveyance itself what title passed from the parties executing it.

Mrs. Kendrick had been twice married. Her first husband, Ben Y. Neal, owned the land in fee, and at his death the eighty acres in controversy was allotted to the widow as her dower and the remainder interest passed to Mrs. Clarkson, who was a daughter of his first wife. The widow married Kendrick and they had the possession when the conveyance of 1830 was executed. So at the time of the conveyance Mrs. Kendrick held the freehold for life and the reversion was in Mrs. Clarkson. The husbands had no interest except that created by reason of the marital relation. Clarkson would not have been a tenant by the courtesy if his wife had died before the life tenant, and Kendrick could have had no interest after his wife's death, for then the entire estate in here terminated. The husband at common law becomes seized of the freehold or right of his wife and has an estate during their joint lives; but in the state of case presented neither had any interest after the death of their wives, and the entire estate of Mrs. Clarkson, if she had died before the life tenant, would have passed to the next of kin. Construing the deed, therefore, in the light as contended by counsel, we have

the grantee, McCormick, paying the full value of the fee in order to obtain the right of the husbands to the rents and profits. But this mode of construing the conveyance or its terms, says counsel, must be lost sight of, and the attention of the court called directly to the deed, and its contents alone must control the construction given it, when there is no ambiguity appearing upon the face of the instrument. Recognizing this as the rule, the chancellor for the purposes of aiding in the construction can certainly ascertain the nature and extent of the interest each party to the conveyance had in the land conveyed. It may shed no light upon the question of construction, and can not if the conveyance expresses the intention of the parties; or if the language used evidences the intention, the chancellor can not leave the conveyance for the purpose of showing a different intention of the parties to it, in the absence of an allegation of fraud or mistake.

"Joseph Kendrick and Elizabeth Kendrick, his wife, James M. Clarkson and Patsy Y. Clarkson, his wife, of the one part, and Jefferson McCormick of the second part, for and in consideration of $1,632, in hand paid by Jefferson McCormick, the receipt of which is acknowledged, hath bargained, granted, sold, conveyed, released and forever quit-claim unto the said Jefferson McCormick, his heirs and assigns forever, all the certain tract or parcel of land situate, lying and being in the county of Bourbon, * * * (describing it by metes and bounds, etc.) containing eighty-one acres and twenty-six and one-half poles, and all the estate, right, title and interest, claim and demand, both in law and equity, of them, the said Joseph Kendrick and James Clarkson, in and to the premises and every part thereof, together with all and singular the premises belonging, and the rents, issues and profits thereof," etc. This is in substance the granting part of the conveyance. The draftsman, having made an absolute grant for all the parties, including the husbands and wives, then proceeds to divest the husbands of their interest upon the idea doubtless that there must be a separate grant of their respective interests in the land including the rents and profits. The granting clause of this conveyance is complete and comprehensive; the parties of the first part convey, release and forever quitclaim unto the said Jefferson McCormick the land, describing it, unto him and his heirs forever, and having made this grant the draftsman proceeds to divest the husbands of the title they acquired by reason of the marital

relation. The husbands, Joseph Kendrick and James Clarkson, for themselves, their heirs, executors, etc., warrant and defend, etc. "In testimony whereof, the said Joseph Kendrick, together with Elizabeth, his wife, and James M. Clarkson and Patsy Y., his wife, who hereby relinquish all their right and claim of dower in and to the premises, have hereunto set their hands and seals," etc.: thus signed all the parties, the certificate following by the clerk in the usual form when the inheritance passes and not the dower. There was no potential claim of dower in this land, but there was a claim of dower owned and at the time possessed by Mrs. Kendrick. It was her dower that she was selling, and when the wives say that they relinquished all their right and claim of dower it embraces all their right to the land, and particularly the dower interest of Mrs. Kendrick. The entire conveyance is inaptly drawn, but when we ascertain what interest the parties had, and this is proper for all the purposes of construction, we can well see to what the relinquishment of the claim to dower refers.

Any other construction would be making the wives relinquish their potential right to dower when they had none, and the purchaser paying the husbands for the land when they had no interest, except Kendrick, who held jointly with his wife for her life. The construction given the deed by counsel makes McCormick pay the full value of the fee for Kendrick's interest in the joint estate held by his wife for her life only. Is such a construction effectuating the intention of the parties as appears from the deed itself? We think not, and it is manifest that the grantors, the wives, not only in conjunction with their husbands attempted to pass the fee, but that they did divest themselves of all title by the conveyance of 1830. In the case of *Beverly v. Noel,* this volume, p. ——, 4 Ky. L. 985, where the wife in the granting part of the deed passed the fee and at the concluding part relinquished her dower, this court held that the fee passed.

Judgment below *affirmed.*

*Stevenson, O'Hara & Bryan, for appellants.*

*R. H. Hanson, Brent & McMillan, Houston & Mulligan, for appellees.*